UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUAINE KENT QUIGLEY,<br><br>    Plaintiff,<br><br> v.<br><br>SECRETARY OF TREASURY-TIM GEITHNER; DEPARTMENT OF JUSTICE-DIRECTOR OF TORT BRANCH; DEPUTY ATTORNEY GENERAL-DENNIS CHARNEY; 6TH DISTRICT JUDGE-N. RANDY SMITH; PUBLIC DEFENDER GEORGE SOUTHWORTH; CHIEF OF SECURITY OF ISCI-LT. RANDY BLADES; ADA COUNTY PAROLE OFFICER-PATTY SPROAT; WARDEN OF ISCI-JOHANNA SMITH;<br><br>    Defendants. | Case No. 1:09-CV-293-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

  The Court previously reviewed the Complaint of Plaintiff Duaine Kent Quigley

(Plaintiff), and determined that the cognizable claims contained in the Complaint

**MEMORANDUM DECISION AND ORDER - 1**

appeared untimely. (Dkt. 9). Plaintiff was given an opportunity to show that the claims had been timely filed or that equitable tolling or equitable estoppel should be applied. Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case.[1] *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Plaintiff has filed a response to the Initial Review Order, which contains a "request to set aside Verdict" because Plaintiff alleges he "is now a Sovereign person and the laws no longer apply to his situation." (Dkt. 10, p. 1.) Plaintiff's response does not address the statute of limitations issue, or any other issue that would show he should be permitted to proceed on any claim contained in the Complaint. Rather, his request to continue is nonsensical and based on a invalid theory of law.

Plaintiff is relying on a "sovereign citizen" theory, which has been unsuccessfully propounded by others. This legal theory seems to have originated in the context of tax protests, and is generally advanced to challenge state and federal laws and judgments. The theory (in all of its various forms) has been struck down consistently by the courts. *See United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991) (concluding that plaintiff's

---

[1] *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning that unserved defendants are not parties).

**MEMORANDUM DECISION AND ORDER - 2**

argument that he was a citizen of the state of Indiana, but not a citizen of the United States and therefore not subject to its laws was "simply wrong"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the "Republic of Idaho" and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *U.S. v. Delatorre*, 2008 WL 312647, at *2 (N.D. Ill. 2008) ("This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private capacity,' a 'sovereign secured party creditor;' a debtor; the 'authorized representative of the corporate fiction-entity/debtor identified, as Fernando Delatorre,' or 'third party intervenor on behalf of Defendant/Debtor Fernando Delatorre.' Mr. Delatorre's Uniform Commercial Code ('UCC'), copyright, and trademark filings do not change this fact."); *see also* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement,* 1999 Wis. L. Rev. 785.

    Accordingly, Plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915, and his "motion to set aside verdict" will be denied.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint (Dkt. 3) is DISMISSED for the reasons set forth herein and in the Initial Review Order.

2. Plaintiff's "Motion to Set Aside Verdict" (Dkt. 10) is DENIED.

DATED: **September 8, 2010**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge